## Yeri v. Hobba

*Gene E. McDonald* and *Lawrence E. Moore, Jr.*, for plaintiffs.

*Robinson & Fisher*, for defendant.

KEIM, J., August 24, 1960.—This case is before the court on preliminary objections raising the question of venue and jurisdiction.

Plaintiffs filed an action in trespass against the above-named defendant, a resident of Osceola Mills, Clearfield County, as a result of an accident which occurred on route no. 53, approximately two and one-half miles north of Gallitzin, in Gallitzin Township, Cambria County.

Defendant was served in Clearfield County at his residence by deputized service which defendant contends is invalid for the reason that neither the rules nor acts of assembly provide for deputized service unless the action was commenced in the county in which the cause of action arose.

Pa. R. C. P. 1042 clearly sets forth the rule as to venue in trespass actions and provides as follows:

"The action may be brought in a county in which an action of assumpsit may be brought or as provided by an Act of Assembly."

The rule pertaining to assumpsit, Pa. R. C. P. 1006, states that the action can be brought against an individual in and only in a county in which he may be served, however, it is to be noted that the rule as to trespass limits venue to the county in which defendant may be served or as provided by an act of assembly. There is an act of assembly which provides for deputized service in trespass actions involving motor vehicles, however, that action is not applicable in this matter in view of the fact that all actions brought under that particular statute are limited to an amount not more than $100, which is not the case in this particular matter.

Deputized service in this type action is permissible under Pa. R. C. P. 1043 only in those actions initiated in the county where the cause of action arose, and in this particular case the cause of action is in Cambria County and not Westmoreland County where the suit was filed.

Plaintiff in trespass matters has an option as to where an action may be commenced; however, he must commence the action in the county where the action arose or where defendant can be served, but he cannot commence an action in a county foreign to all parties and issues and obtain deputized service without specific act of assembly authorizing same.

The record clearly indicates that Westmoreland County does not have jurisdiction in this matter and service on defendant had not been properly made as provided by the Pennsylvania Rules of Civil Procedure or act of assembly, and for that reason, the service of defendant should be set aside and judgment entered in favor of defendant and against plaintiff.

650

*Order*

And now, August 24, 1960, after due and careful consideration, the service of defendant, Earl Hobba, is hereby set aside and judgment entered in favor of defendant and against plaintiff at the cost of plaintiff.

Concurring: O'Connell, P. J., and Sculco, J.